MACDONALD, RESPONDENT, *v.* GERRICK ET AL., APPELLANTS.

(No. 1,972.)

(Submitted January 8, 1904.    Decided January 23, 1904.)

*Corporations—Injunction Pendente Lite Against Disposal of Stock—Evidence—Sufficiency—Appeal.*

An injunction *pendente lite* against a corporation and a trustee of its stock to prevent disposing of a certain portion thereof will not be interfered with on appeal, where the evidence at the preliminary hearing tends to prove the allegations of the complaint.

*Appeal from District Court, Silver Bow County; E. W. Harney, Judge.*

ACTION by W. E. R. Macdonald against John Gerrick and another. From an order granting an injunction *pendente lite,* defendants appeal. Affirmed.

*Mr. John A. Shelton,* for Appellants.

*Messrs. Kirk & Clinton,* for Respondent.

MR. COMMISSIONER POORMAN prepared the opinion for the court.

The complaint in this action was filed March 9, 1903. The plaintiff therein alleges, among other things, the incorporation of defendant company on May 8, 1902, and that prior thereto it was mutually understood and agreed between the plaintiff and "the incorporators" that the plaintiff should perform cer-

tain work on the mining claims of the company to the amount of $750, and should receive as compensation therefor one-sixteenth of all the capital stock of the corporation. It is also alleged that all the stock of the company had been issued, and that the stock claimed by plaintiff was issued to defendant Gerrick to be held in trust by him for the plaintiff; that Gerrick is insolvent, and will dispose of the stock unless restrained by order of the court; and that both Gerrick and the company had refused to turn the stock over to plaintiff. An injunction *pendente lite* was asked for. On the filing of the complaint an order to show cause was issued, and the hearing thereon set for March 23, 1903. At the hearing defendants presented a joint answer to the order to show cause, admitting the incorporation of the company and the issuance of the stock, but denied the insolvency of Gerrick, that any stock had been issued to Gerrick in trust for the plaintiff, and that plaintiff was entitled to any stock at all. A contract is then set up, which it is alleged was entered into between Gerrick and the plaintiff prior to the incorporation of the company, and, while Gerrick held an option to buy the mining property, by the terms of which plaintiff was to perform work and labor upon the property continuously until the purchase price thereof of $50,000, together with all expenses of operation, were paid from the product of the mines; that plaintiff was to receive therefor a one-sixteenth interest in the property. It is also alleged that the plaintiff had failed to comply with the terms of this contract, and that after performing a part of the work he had abandoned the same. At the hearing an injunction *pendente lite* was issued restraining the defendants from disposing of this stock claimed by the plaintiff until further order of the court. From the order granting this injunction the defendants appeal.

The main action to which this proceeding is ancillary has not yet been tried. We therefore do not discuss the evidence introduced at the hearing, nor consider its sufficiency to sustain a final judgment. It is sufficient to say that the entire record has been examined, and that the evidence introduced by and

on behalf of the plaintiff tends to prove the allegations of the complaint, and to sustain the further contention of respondent that the consideration for the stock in question has been fully paid by the plaintiff and accepted by the defendants. The statute of frauds can, therefore, have no application to this proceeding. This evidence tends further to show that the plaintiff has some right in or to the stock in question, and we find nothing inequitable or erroneous in the order of the court restraining the defendants from disposing of this stock until the action has been determined on its merits.

We therefore recommend that the order appealed from be affirmed.

PER CURIAM.—For the reasons stated in the foregoing opinion, the order is affirmed.

Rehearing denied February 13, 1904.